CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 1 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK L. LARK, | |
| Plaintiff, | Civil Action No. 7:13CV00395 |
| v. | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA d/b/a WESTERN HERITAGE INSURANCE COMPANY, ET AL., | |
| Defendants. | |
| And | |
| ANTUAN E. JONES, | |
| Plaintiff, | Civil Action No. 7:13CV00396 |
| v. | **MEMORANDUM OPINION** |
| NATIONWIDE INSURANCE COMPANY OF AMERICA d/b/a WESTERN HERITAGE INSURANCE COMPANY, ET AL., | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

These cases are presently before the court on defendant Western Heritage Insurance Company's ("Western Heritage") motion to consolidate and plaintiffs' motions to remand. For the following reasons, the defendant's motion to consolidate will be granted, and the plaintiffs' motions to remand will be denied.

## Factual and Procedural Background

The plaintiffs, Mr. Lark and Mr. Jones, brought separate actions against Western Heritage in the Circuit Court for the County of Roanoke, Virginia, seeking judgments declaring (1) that Western Heritage "provides Commercial General Liability coverage in connection with a certain

incident which occurred in the early morning hours of December 4, 2010, which resulted in the personal injury" of the plaintiffs; (2) the amount of Commercial General Liability coverage available for this incident; and (3) that Mr. Lark's cause of action is a "separate event" from Mr. Jones' cause of action, as defined in the insurance policy. The plaintiffs have each brought a separate tort lawsuit in state court against Western Heritage's co-defendants in these declaratory judgment actions ("Peck Defendants") in connection with the December incident. Mr. Lark and Mr. Jones are represented by the same counsel.

On August 23, 2013, Western Heritage filed notices of removal for both declaratory judgment actions under this court's diversity jurisdiction. Western Heritage is an Arizona citizen. Although the plaintiffs and the Peck Defendants are all citizens of Virginia, Western Heritage asserts in its notices of removal that the Peck Defendants are not properly joined as defendants in these actions. Western Heritage urges this court to either realign the Peck Defendants as co-plaintiffs in these actions or disregard their citizenship for the purpose of diversity jurisdiction under the doctrine of fraudulent joinder.

Shortly thereafter, on August 29, 2013, Western Heritage filed a motion to consolidate these actions under Federal Rule of Civil Procedure 42(a). The motion to consolidate is unopposed. However, on September 18, 2013, the plaintiffs opposed the removal of these declaratory judgment actions by filing separate motions to remand their cases to the state court. The plaintiffs contend that the Peck Defendants are properly aligned as defendants in these actions, and, therefore, that this court lacks subject matter jurisdiction. They ask the court to remand their cases and order Western Heritage to pay their costs and expenses incurred as a result of the removal. Alternatively, the plaintiffs ask the court to abstain from hearing these declaratory judgment actions based on the factors set forth in Nautilus Ins. Co. v. Winchester

Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994).

## Discussion

**I.     Defendant Western Heritage's Motion to Consolidate**

Under Federal Rule of Civil Procedure 42(a), "if actions before the court involve a common question of law or fact," the court may consolidate the actions. Federal district courts have broad discretion under this rule to consolidate cases pending in the same district. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Corp., 559 F.2d 928, 933 (4th Cir. 1977). The United States Court of Appeals for the Fourth Circuit has identified the critical question as "whether the specific risks of prejudice and possible confusion [due to consolidation] were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternative." Arnold v. Eastern Airlines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

For these two actions, the benefits of consolidation clearly outweigh any possible prejudice to the parties or risk of confusion. As Western Heritage asserted in its unopposed motion to consolidate, the actions will require the court "to adjudicate the parties' respective rights and duties arising from the same insurance contract, the same alleged incident, and the same questions of law." Mot. Consolidate 3, Docket No. 5. Specifically, the plaintiffs each seek a declaratory judgment establishing (1) that Western Heritage "provides Commercial General Liability coverage in connection with a certain incident which occurred in the early morning hours of December 4, 2010, which resulted in the personal injury" of the plaintiff; (2) the amount of Commercial General Liability coverage available; and (3) that Mr. Lark's cause of action is a

3

"separate event," as defined by the insurance policy, from Mr. Jones' cause of action. Further, the parties in each action are represented by the same counsel. Consolidating the actions will eliminate the risk of inconsistent adjudications of these common factual and legal issues. There is no evidence that consolidation will prejudice any party or cause any confusion. Accordingly, the motion to consolidate will be granted.

**II.     Motion to Remand**

    A.     Jurisdiction

Under 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

Plaintiffs Lark and Jones assert that this court lacks subject matter jurisdiction and seek to remand their cases to the Circuit Court for the County of Roanoke. Specifically, the plaintiffs argue that complete diversity does not exist as defined by 28 U.S.C. § 1332(a), because the plaintiffs and the Peck Defendants are all citizens of Virginia. Further, the plaintiffs ask this court to order Western Heritage to pay their costs and expenses, including attorney's fees, incurred as a result of the alleged improper removal of these actions.

Western Heritage, in its notice of removal, acknowledged that the Peck Defendants, like the plaintiffs, are Virginia citizens. They argue, however, that the court should realign the Peck Defendants as co-plaintiffs because their interests are adverse to Western Heritage's and aligned with the plaintiffs'. Alternatively, Western Heritage asserts that the Peck Defendants are fraudulently joined parties for the purpose of destroying diversity jurisdiction.

The United States Court of Appeals for the Fourth Circuit recently summarized the

federal law governing realignment of parties for the purpose of evaluating subject matter jurisdiction:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants. Instead, courts must look beyond the pleadings, and arrange the parties according to their sides in the dispute. To determine when to realign parties, we apply the two-step "principal purpose" test. First, we determine the primary issue in the controversy by considering the plaintiff's principal purpose for filing its suit. Second, we align the parties according to their positions with respect to the primary issue. If the alignment differs from that in [the] plaintiff's complaint, we look to whether diversity jurisdiction [] exists.

Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 497 F. App'x 313, 316 (4th Cir. 2012) (internal citations and quotation marks omitted).

The principal purpose of the plaintiffs' suits is to determine whether Western Heritage must provide coverage to the Peck Defendants for its alleged tortious conduct toward the plaintiffs, as well as the amount and scope of any such coverage. Regardless of their relationship to Western Heritage in the underlying tort suit, it is clear that for the purpose of these declaratory judgment actions, the Peck Defendants' interests are aligned with plaintiffs Lark and Jones' interests, and directly at odds with Western Heritage's interest. Successful litigation by plaintiffs Lark and Jones can only benefit the Peck Defendants by assuring that at least some portion of any damages awarded through the underlying tort suit will ultimately be paid by Western Heritage. A declaratory judgment in favor of Western Heritage, however, would adversely impact the Peck Defendants, leaving them exposed to the risk of uninsured liability in the underlying tort suit. Therefore, the court must realign the Peck Defendants as co-plaintiffs. This realignment creates complete diversity of citizenship, giving this court subject matter jurisdiction under 28 U.S.C. § 1332(a).

In light of the court's ruling that the Peck Defendants are properly realigned as co-

plaintiffs in these actions, the court need not, and does not, reach the issue of fraudulent joinder.

B. Abstention

Even when a declaratory judgment action is properly within a federal court's jurisdiction, the court has some measure of discretion to decline adjudication. See, e.g., Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994). Under Nautilus, when a federal court is confronted with a request for a declaratory judgment on coverage issues while related litigation is pending in the state courts, its discretion must be guided by considerations of "federalism, efficiency, and comity." Id. at 376 (citing Mitcheson v. Harris, 955 F.2d 253, 237–41 (4th Cir. 1992)). Additionally, the court should consider: (1) "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;" (2) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;" (3) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law';" and (4) "whether the declaratory judgment action is being used merely as a device for 'procedural-fencing.'" Id. at 377.

Upon full consideration of the parties' extensive briefing on the issue, the court finds that the Nautilus factors do not weigh in favor of abstention. First, the court finds that Virginia does not possess a particularly strong interest in having the requested determinations made in its own courts. While there is "an interest in having the most authoritative voice speak on the meaning of applicable law," the federal court's power to abstain from deciding questions of state law may be exercised only when the state law questions are "difficult, complex or unsettled." See, e.g., Trigo v. Travelers Commercial Ins. Co., No. 3:10-cv-00028, 2010 WL 3521759, * 9 (W.D. Va. Sept. 7, 2010) (quoting Mitcheson, 955 F.2d at 237; Great Am. Ins. Co. v. Gross, 468 F.3d 199,

211 (4th Cir. 2006)). The court finds, and the plaintiffs concede, that the requested coverage declarations do not fall within this limited category. See Lark's Mem. Supp. Mot. Remand 11, Docket No. 8; Jones' Mem. Supp. Mot. Remand, Docket No. 9 (". . . Plaintiff concedes that there are no particularly difficult issues of contract law . . . .").

Second, the court does not find that the issues raised in the declaratory judgment actions could be more efficiently resolved in Virginia state court. The court recognizes that "[a]s a general rule, 'the first suit should have priority, absent the showing of balance of convenience in favor of the second action.'" Riley v. Dozier Internet Law, PC, 371 F. App'x 399, 403 (4th Cir. 2010). However, Western Heritage is not, and cannot be made, a party to the pending state tort suit. Under Virginia law, "an injured person must reduce his claim to judgment before bringing an action against the tort-feasor's liability insurer." United Services Auto Ass'n v. Nationwide Mut. Ins. Co., 218 Va. 861, 867 (Va. 1978). Unlike the state court, this court need not wait for a final judgment in the underlying tort suit before adjudicating these declaratory judgment actions. Third, the court finds that exercising jurisdiction over the declaratory judgment actions creates little risk of "entanglement" between the federal and state court systems. While the issues to be decided by each court are undoubtedly related, they are not the same. The underlying state court suits address the tort liability of the Peck Defendants to Mr. Lark and Mr. Jones. The federal court actions deal only with straightforward issues of contract interpretation.

Finally, there is no persuasive evidence that this declaratory judgment action is being used as mere "procedural fencing." This is clearly not a case where "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." Riley, 371 F. App'x at 403. The plaintiffs—masters of their complaints—brought these properly removable declaratory judgment actions in state court, and

defendant Western Heritage simply exercised its right to remove the actions to federal court.

The Nautilus factors clearly weigh against abstention. Therefore, the court, having jurisdiction over these declaratory judgment actions, will not abstain from adjudicating the issues presented.

### Conclusion

After full consideration of the arguments presented and for the reasons stated, Western Heritage's motion to consolidate will be granted, and the plaintiffs' motions to remand will be denied. The parties are instructed to submit copies of all future filings, with a joint header, under each docket number, 7:13CV00395 and 7:13CV00396. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the Peck Defendants and all counsel of record.

ENTER: This 31st day of October, 2013.

_____
Chief United States District Judge